IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 15, 2017

## STEPHEN NATHAN CLARK, II v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
Nos. 2011-D-2935, 2012-A-24    Cheryl A. Blackburn, Judge**

_____

### No. M2016-01209-CCA-R3-PC

_____

Petitioner, Stephen Nathan Clark, II, was indicted in case number 2011-D-2935 by the Davidson County Grand Jury for conspiracy to sell 300 pounds or more of marijuana and 300 grams or more of cocaine in a drug-free school zone. Petitioner was subsequently indicted in case number 2012-A-24 for possession with intent to sell or deliver not less than 0.5 ounces nor more than 10 pounds of marijuana in a drug-free school zone and possession with intent to sell or deliver 26 grams or more of cocaine in a drug-free school zone. Petitioner entered guilty pleas in both cases to conspiracy to sell 26 grams or more of cocaine and possession with intent to deliver 26 grams or more of cocaine. Petitioner agreed to serve 13 years in confinement as a multiple offender. Petitioner filed a petition for post-conviction relief, alleging that he received the ineffective assistance of counsel and that his pleas were unknowingly and involuntarily entered. Following an evidentiary hearing, the post-conviction court denied relief, and after review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Jesse Lords, Nashville, Tennessee, for the appellant, Stephen Nathan Clark, II.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King and Ed Ryan, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Guilty plea hearing*

At Petitioner's plea hearing, the State provided the following factual basis for Petitioner's guilty pleas:

> [I]n case 2011-D-2935 . . . in September of 2008 through February of 2011 police and fellow DEA agents uncovered a drug conspiracy involving and headed up by Codefendant Macon Espana. Espana was distributing marijuana and cocaine throughout Middle Tennessee that was transported in on his orders. During investigation the police obtained permission from the courts to engage in wiretap intercepts of various telephones. During those intercepts they intercepted telephone conversations from which they concluded that [Petitioner] was receiving from time to time cocaine supplied by Codefendant Macon Espana or other coconspirators at his direction. The cocaine would be fronted on some occasions, on some occasions it would be paid for but distributed by [Petitioner].
>
> In case 2012-A-24 in which the Court had previously conducted a[n] evidentiary hearing on a suppression motion the facts show that on February 7th, 2011, [Petitioner] was stopped for a traffic violation, speeding. [Petitioner] had 4.3 ounces of cocaine in his possession, twenty-nine grams of marijuana, and a quantity of money.

*Post-conviction hearing*

Petitioner testified that he was initially represented on these charges by retained counsel, who later withdrew. Trial counsel was then appointed to represent Petitioner, and she visited him once at the Criminal Justice Center. Petitioner also spoke to trial counsel in court when his cases were set for trial. Trial counsel visited Petitioner on another occasion to convey a plea offer, and Petitioner "didn't want it." Petitioner testified that he "had trouble talking to her and [his] family did" after he rejected the State's plea offer. Petitioner testified that trial counsel "got upset" when he rejected the offer because she had to "come up with a defense for [him,]" and trial counsel "didn't want to prepare anything to fight for [him] to go to trial." Petitioner testified that after trial counsel stopped communicating with him, he decided to accept the plea offer. Petitioner asked another attorney to contact trial counsel to have her contact Petitioner so that Petitioner could discuss the plea offer with trial counsel. Petitioner's initial retained counsel had filed a motion to suppress, which was denied following a hearing, prior to

trial counsel's appointment. Petitioner testified that trial counsel did not discuss the motion with him or advise him of his right to appeal the court's denial of the motion.

Petitioner testified that trial counsel advised him, "it would be best for [him] to take the two thirteens and get out of jail earlier than fighting it and taking it to trial and losing and getting basically fifteen years at a hundred percent or twenty-five years at a hundred percent." Petitioner was "in disbelief that nobody wanted to fight to work [his] case and to try to help [him] out." Petitioner testified that he did not ask trial counsel to withdraw, he "just went and tried to find other attorneys on [his] own." One of the other attorneys Petitioner spoke to told Petitioner that he did not believe Petitioner would be successful at trial. Petitioner testified that trial counsel never reviewed discovery materials in the conspiracy case with him.

Petitioner acknowledged that he signed the plea forms. He testified that he "was mad about taking the plea because [he] was forced to take it." He testified that trial counsel told him to answer "yes" to the trial court's questions at the plea hearing "if [he] wanted to get back to [his] family and do what [he] need[ed] to do . . . ." Petitioner testified that he "did what his lawyer told [him] to do so [he] could get out of jail." He testified that he paused before answering whether he was satisfied with trial counsel's representation, "[a]nd it took [him] a while before [he] said yes, but [he] did say yes."

Trial counsel testified that she had been a criminal defense attorney in Davidson County for seven years. She testified that she was appointed to represent Petitioner on July 10, 2013. Counsel met with Petitioner twice in July, three times in August, twice in September, once in October, and Petitioner entered his pleas on October 31, 2013. Trial counsel testified that she was prepared to represent Petitioner at trial. She testified that she had "multiple discussions both in person, on the phone, and by email" with Petitioner. She testified that "throughout the duration of [her] representation, [Petitioner] had expressed his frustration that he was not offered what he thought to be a fair resolution to this case."

Trial counsel testified that she discussed the issues in the conspiracy case with Petitioner. She testified that, although she "did not review the discovery with [him] per se," she believed that Petitioner understood the issues having discussed them with his previous counsel. Trial counsel reviewed the motion to suppress and order denying the motion, and she did not feel that any further action was necessary. She testified that she discussed the denial of the motion with Petitioner. She testified that she discussed an interlocutory appeal of the denial with Petitioner, but she explained to Petitioner that it was too late to apply for such an appeal.

- 3 -

Trial counsel also reviewed discovery and discussed the issues in the possession case, and she confirmed that Petitioner had travelled through a school zone. Trial counsel testified that she "spent a significant amount of time trying to obtain something to [Petitioner]'s satisfaction, something akin to probation to which [she] had no success." Trial counsel negotiated a final plea offer of 13 years to serve, contingent on pleas in both cases, which was less than the original offer of 15 years to serve.

Trial counsel denied that she ever advised Petitioner that he could not go to trial or that she would not represent him at trial. She testified on cross-examination that "the theme and theory for this trial was really undetermined" and that she "wanted [Petitioner's] input on this." She testified that Petitioner's case was "going to be a difficult case to defend all around because of the quantities that were found."

In its written order denying post-conviction relief, the post-conviction court found that Petitioner failed to establish by clear and convincing evidence that trial counsel was ineffective in her communication with him or that the alleged deficiency prejudiced his defense. The court found that Petitioner was aware of the charges against him and the State's evidence. The court found that, even if trial counsel's visits were "as substantively minimal as Petitioner alleges, nothing in the record indicates that [t]rial [c]ounsel failed to meet with the petitioner and keep him informed of the proceedings." The post-conviction court credited trial counsel's testimony that she visited Petitioner in custody several times, that she reviewed and discussed discovery with Petitioner in his possession case, and that the State had a strong case against Petitioner. The trial court noted that "[t]rial counsel candidly testified that she focused on [ ] case no. 2012-A-24 in light of the timeframe she came onto Petitioner's case and the fact it was going to trial first." The post-conviction court denied post-conviction relief based on Petitioner's testimony alone, finding that trial counsel's testimony "further establishes that [P]etitioner failed to meet his burden."

The post-conviction court also found that Petitioner failed to establish by clear and convincing evidence that he did not enter his pleas knowingly and voluntarily. The court accredited trial counsel's testimony that Petitioner was frustrated because he wanted a sentence of probation, that the State mandated that any plea resolve both cases, and that counsel was preparing for trial when Petitioner chose to plead guilty. The court noted that Petitioner contacted trial counsel through another attorney to inform her that "he was ready to enter a guilty plea." The court also noted that trial counsel secured an offer of 13 years to serve, two years less than the previous offer of 15 years to serve. The post-conviction court reviewed the plea colloquy, finding that Petitioner affirmed that he understood the proceedings and had discussed his cases thoroughly with counsel. The court found that Petitioner entered his pleas with "an awareness of the consequences," and his pleas were voluntarily, intelligently, and knowingly entered.

*Analysis*

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). Upon review, this court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997)). A post-conviction court's factual findings are subject to a de novo review by this court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this court, with no presumption of correctness. *Id*. at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this court must determine whether the advice given or services rendered by the attorney are within the range of

competence demanded of attorneys in criminal cases. *Baxter,* 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, "a petitioner must show that counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 689-90. In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "'The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" *House*, 44 S.W.3d at 515 (quoting *Goad*, 938 S.W.2d at 369).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

This standard also applies to claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the requirement of prejudice in a case involving a guilty plea, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he or she "would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. *See State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). A plea resulting from ignorance, misunderstanding, coercion, inducement, or threats is not "voluntary." *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). A petitioner's solemn declaration in open court that his plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

We conclude that the evidence does not preponderate against the trial court's findings of fact. Counsel testified that she met with Petitioner several times to discuss his cases, that she believed the State's evidence against Petitioner was strong, and she secured a plea offer that was more favorable than the previous plea offer conveyed through Petitioner's former counsel. Petitioner complains that trial counsel did not "fight" for him or prepare a defense to the charges against him; however, Petitioner did not offer any testimony or other evidence at the post-conviction hearing that might have supported a possible defense to the charges. Petitioner did not prove that, but for any error on counsel's part, he would not have pleaded guilty and would have insisted on going to trial. We also conclude that Petitioner has not shown that his pleas were entered unknowingly or involuntarily. The plea colloquy shows that Petitioner understood the charges against him and the potential sentences. Petitioner has not provided any evidence that shows that his plea was not knowingly and voluntarily entered. Accordingly, Petitioner is not entitled to relief.

CONCLUSION

Based on the foregoing reasoning and authorities, we affirm the post-conviction court's denial of Petitioner's petition for post-conviction relief.

_____
THOMAS T. WOODALL, PRESIDING JUDGE